■ JAN D. HUNT, Appellant, v SCOTIA-GLENVILLE CENTRAL SCHOOL DISTRICT et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered December 18, 1981 in Schenectady County, which granted defendants' motion for summary judgment. On February 2, 1980, during her senior year at Scotia-Glenville High School, plaintiff was accepted at Northeastern University. In hopes of receiving an athletic scholarship, plaintiff asked her basketball coach at Scotia-Glenville, defendant Bennett, to furnish a "referral and recommendation" which was required by Northeastern. Allegedly, Bennett promised to contact Northeastern. On April 22, 1980, in response to plaintiff's inquiry, Northeastern informed plaintiff that its "recruiting season is nearly completed". On May 6, 1980, plaintiff's high school principal wrote a letter to Northeastern recommending plaintiff and taking "full responsibility for not making better contact * * * not [being] as persistent as we could have been". Northeastern responded, informing the principal that basketball recruitment efforts were nearly completed, but plaintiff could try out for the team when she arrived on campus in the fall. Plaintiff claims that while she did try out in the fall, vacancies for the positions she had played were no longer open, although they had been open the prior spring. Plaintiff sued

defendants Bennett and Scotia-Glenville Central School District for negligence and for violation of plaintiff's civil rights. Defendants moved for summary judgment on the ground that there were no triable issues of fact. Special Term granted this motion and ordered that the complaint be dismissed. This appeal ensued. This appeal is without merit. It is well established that " 'before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which would have averted or avoided the injury' " (*Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 342). Plaintiff concedes that no such duty is mandated by rule or regulation, but asserts that such a duty has arisen by custom. Under the circumstances of this case, we fail to find the existence of any duty (see Prosser, Torts [4th ed], § 56). Further, for public policy reasons defendants' custom of writing recommendations for their students, if such a custom exists, should not be held to rise to the level of a legal duty. Indeed, if the courts were to require schools and teachers to perform favors for students simply because they often do so, the practice of writing recommendations would likely be eliminated altogether. Moreover, contrary to plaintiff's contention, the so-called Good Samaritan Rule does not impose liability here, for "a mere gratuitous promise to render service or assistance, with nothing more, imposes no tort obligation upon the promisor, even though the plaintiff may rely on the promise and suffer damage because of that reliance" (Prosser, Torts [4th ed], § 56, p 344). Finally, plaintiff contends that defendants denied her "the same right to a reference and recommendation as were afforded other students in her school" and that, therefore, she was discriminated against and not afforded equal treatment in violation of her civil rights. However, plaintiff is unable to identify the existence of a right to a reference or recommendation. In addition, there is no indication that the alleged discrimination is wrongfully based on some personal characteristic (see 18 NY Jur 2d, Civil Rights, § 1, p 354). As a result, plaintiff's civil rights action is without merit. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.